**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL MILES**, on behalf of himself and others similarly situated, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| vs. | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| **DARLING INGREDIENTS INC.**, | ) | |
| Defendant. | ) | |

Plaintiff Michael Miles ("Named Plaintiff"), on behalf of himself and others similarly situated, for his collective and class action Complaint against Defendant Darling Ingredients Inc. ("Defendant"), states and alleges as follow:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91A.

2. Named Plaintiff bring this case as a FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Named Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the IWPCL on behalf of himself and on behalf of other similarly situated employees of Defendant in Iowa.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

1. Named Plaintiff is an adult individual residing in Toledo, Iowa. Named Plaintiff's written Consent to Join this Action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit A.**

2. Named Plaintiff was employed by Defendant from approximately November 29, 2022, until December 4, 2024, as an hourly, non-exempt manufacturing employee. Specifically, Named Plaintiff was employed by Defendant as an hourly Cooker at Defendant's rendering facility in Iowa.

3. At all relevant times, Named Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Iowa law.

4. At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendant**

5. Defendant is a for-profit Delaware corporation with its headquarters at 5601 North McArthur Blvd, Irving, Texas 75038. Defendant can be served through its registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas TX 75201.

6. At all relevant times, Defendant was an employer of Named Plaintiff and other similarly situated employees within the meaning of the FLSA and Iowa law.

7. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that it has employees engaged in commerce or in the production of goods for commerce.

8. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00.

9. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA and the Iowa Law.

## FACTS

**A. Defendant failed to pay Named Plaintiff and those similarly situated for all time worked, resulting in unpaid overtime.**

10. Defendant holds itself out as the largest renderer to process animal byproducts (beef, poultry, pork) and used cooking oil into fats, proteins, and specialty ingredients in the United States.[1]

11. As a manufacturer of products for human food, animal feed, and other industrial and fuel uses, Defendant is regulated by state and federal production, sanitation, and workplace safety requirements under the U.S. Food and Drug Administration ("FDA") and the Federal Food, Drug,

[1] *See generally*, https://www.darlingii.com/solutions (last viewed 2/5/2026).

and Cosmetic Act, 21 U.S.C. §9, *et seq*. ("FDCA"), as well as federal workplace safety regulations enforced by the Occupational Safety and Health Administration ("OSHA").

12. By operation of applicable federal and state laws and regulations, Defendant is required to comply with Good Manufacturing Practices ("GMPs") governing its manufacturing operations, as well as workplace safety regulations requiring the assessment of workplace hazards and the use of appropriate personal sanitary clothing/protective equipment.

13. By operation of applicable federal regulations governing Defendant's manufacturing operations, employees are required, as a condition of performing their job duties, to comply with hygiene, sanitation, and safety requirements, including the use of protective clothing and equipment.

14. Accordingly, Named Plaintiff and those similarly situated could not perform their job duties unless they complied with required hygiene, sanitation, and safety standards, including wearing mandated protective clothing and equipment.

15. Indeed, if Named Plaintiff and those similarly situated did not comply with applicable legal and regulatory requirements and wear required protective clothing and equipment, Defendant's operations would pose an increased risk of contamination, unsafe conditions, and regulatory noncompliance.

16. Indeed, failure by Named Plaintiff and those similarly situated to comply with applicable legal and regulatory requirements governing hygiene, sanitation, and workplace safety—including the use of required protective clothing and equipment—would undermine Defendant's ability to lawfully and safely operate its manufacturing processes.

17. As a result, compliance with applicable hygiene, sanitation, and workplace safety requirements—including the use of required protective clothing and equipment—by Defendant's

employees who work in and around its manufacturing, processing, packaging, and handling operations is integral and indispensable to the work they are hired to perform.

18. Compliance with applicable hygiene, sanitation, and workplace safety requirements—including the use of required protective clothing and equipment—by Defendant's employees who work in and around its manufacturing, processing, packaging, and handling operations is an intrinsic element of their work and one with which they cannot dispense if they are to perform their principal activities.

19. Compliance with applicable hygiene, sanitation, and workplace safety requirements—including the use of required protective clothing and equipment—by Defendant's employees who work in and around its manufacturing, processing, packaging, and handling operations is a component of the work they are hired to perform.

20. Unless Defendant's employees who work in and around its manufacturing, processing, packaging, and handling operations comply with applicable hygiene, sanitation, and workplace safety requirements—including the use of required protective clothing and equipment—they cannot perform their work.

21. Additionally, donning and doffing required protective clothing and equipment is necessary to promote the safety of Defendant's employees by reducing exposure to hazards present in Defendant's manufacturing operations. The use of such protective clothing and equipment protects employees while performing their principal job duties, limits unsafe conditions in the workplace, and is required for employees to perform their work in a safe and lawful manner.

22. Therefore, the donning and doffing of required protective clothing and equipment are integral and indispensable to the work performed by Defendant's employees who work in Defendant's production operations.

23. Because the donning and doffing of required protective clothing and equipment are integral and indispensable to the work performed by Defendant's employees who work in Defendant's production operations, the time spent performing those activities constitutes compensable work time within the meaning of the FLSA and Iowa law.

24. The donning of required protective clothing and equipment by Defendant's employees who work in Defendant's production operations is those employees' first principal activity of the workday.

25. The doffing of required protective clothing and equipment by Defendant's employees who work in Defendant's production operations is those employees' last principal activity of the workday.

26. Pursuant to the "Continuous Workday Rule," Defendant's employees who work in Defendant's production operations should have been compensated for all time spent from their first principal activity of the workday to their last principal activity of the workday, excluding bona fide meal periods.

27. Defendant employs or employed Named Plaintiff and those similarly situated as hourly, non-exempt production, manufacturing, or processing employees.

28. Named Plaintiff and those similarly situated were involved in Defendant's production operations, including the processing of animal byproducts and related materials into proteins, fats, and other ingredients used in products for human consumption, animal feed, fuel, and other commercial or industrial applications.

29. Due to the nature of Defendant's production, manufacturing, and processing operations, Named Plaintiff and those similarly situated were required to wear special clothing and personal sanitary clothing/protective equipment, including, but not necessarily limited to, uniforms,

reflective attire, helmets, ear plugs, steel-toe boots, and safety glasses, while performing their job duties.

30. Named Plaintiff and other similarly situated employees were not permitted to take most of this sanitary clothing/protective equipment home.

31. Prior to the start of their scheduled shifts, Named Plaintiff and other similarly situated employees were required to don their sanitary clothing/protective equipment at Defendant's facilities. Defendant did not pay for this compensable work time was unpaid.

32. Additionally, Defendant did not pay for work performed during unpaid meal breaks. For example, even though Plaintiff and others similarly situated employees performed compensable work during the unpaid meal break time, Defendant deducted time for the meal break from total weekly hours and compensation.

33. After the end of their scheduled shift, Named Plaintiff and other similarly situated employees were required to doff their sanitary clothing/protective equipment at Defendant's facilities. Defendant did not pay for this compensable work time was unpaid.

34. Named Plaintiff and other similarly situated employees regularly spent approximately at least eleven (11) to fifteen (15) minutes donning sanitary clothing/protective equipment each day.

35. Named Plaintiff and other similarly situated employees regularly spent approximately at least eleven (11) to fifteen (15) minutes doffing sanitary clothing/protective equipment each day.

36. Named Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek.

37. As a result of Named Plaintiff and other similarly situated employees not being paid for all hours worked, Named Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

38. Defendant knowingly and willfully violated the FLSA and Iowa law by engaging in the above-mentioned violations.

39. At all relevant times, Defendant was fully aware of the fact that they were legally required to comply with the FLSA and Iowa law yet showed reckless disregard for those requirements.

**Defendant's Recordkeeping Violations**

40. The FLSA and state law, including Iowa law, require Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Iowa Code § 91A.6.

41. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, an date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

42. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

43. However, because of Defendant's policy of not paying for all compensable time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Named Plaintiff and other similarly situated employees.

44. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded compensable time worked.

Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated employees.

45. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and Iowa law.

## COLLECTIVE ACTION ALLEGATIONS

46. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

47. The collective that Named Plaintiff seek to represent and for whom Named Plaintiff seek the right to send "opt-in" notices for purposes of the collective action, and of which Named Plaintiff is also members ("FLSA Collective"), is defined as follows:

> **All current and former hourly employees of Defendant, including temporary employees as applicable, who were involved in the donning and doffing of sanitary clothing/protective equipment within Defendant's facilities and who worked 40 or more hours during any workweek at any time from three (3) years preceding the filing of this Complaint through final disposition of this matter**.

48. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

49. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's

unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

50. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

**IOWA CLASS ACTION ALLEGATIONS**
**(Iowa Class)**

51. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Iowa, defined as the following class:

> **All current and former hourly Iowa employees of Defendant, including temporary employees as applicable, who were involved in the donning and doffing of sanitary clothing/protective equipment within Defendant's facilities who worked 40 or more hours during any workweek at any time from two (2) years preceding the filing of this Complaint through final disposition of this matter ("Iowa Class").**

52. The Iowa Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed 100 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Iowa law.

53. There are questions of law or fact common to the Iowa Class including whether Defendant failed to pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendant's failure to

pay Named Plaintiff and other class members for time spent donning and doffing sanitary clothing/protective equipment before clocking in at the start of their shifts and after clocking out at the end of their shifts, and whether they performed compensable work during unpaid meal breaks.

54. The questions of law or fact that are common to the Iowa Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Iowa Class, listed above, are common to the respective classes as a whole, and predominate over any questions affecting only individual Iowa Class members.

55. Named Plaintiff's claims are typical of the claims of other members of the Iowa Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Iowa Class.

56. Named Plaintiff and the Iowa Class have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies and practices affected the Iowa Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Iowa Class members.

57. Named Plaintiff will fairly and adequately protect the interests of the Iowa Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

58. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Iowa Class in this case.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Iowa Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Iowa Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

60. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of themselves and the FLSA Collective members who will join this case pursuant to 29 U.S.C. §216(b).

62. The FLSA requires that Defendant's hourly non-exempt employees receive overtime compensation for hours worked in excess of 40 per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

63. Named Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their properly calculated "regular rate" for all hours worked in excess of 40 hours per workweek.

64. Named Plaintiff and the FLSA Collective members were not paid for all time spent donning and doffing their sanitary clothing/protective equipment before and after their shifts, and not paid for all compensable work performed during unpaid meal breaks.

65. Defendant failed to pay Named Plaintiff and the FLSA Collective members the required overtime compensation.

66. Defendant's practice and policy of not paying Named Plaintiff and the FLSA Collective members for all earned overtime compensation at a rate of one and one-half times their

properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

67. By engaging in the above-mentioned conduct, Defendant, lacking a good faith basis, willfully violated the FLSA and regulations thereunder that have the force and effect of law.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

69. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Iowa Class - Overtime Violations)**

70. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. The IWPCL requires employers to pay all wages due to employees and to do so in a timely manner as provided under Iowa Code § 91A.3.

72. Named Plaintiff brings this claim for violations of the IWPCL on behalf of himself and all members of the Iowa Class.

73. Defendants failed to pay Named Plaintiff and those similarly situated all wages due for compensable work within the time required by the IWPCL. As a result, Named Plaintiff and the Iowa Class did not timely receive all wages earned, including overtime compensation owed under applicable law.

74. There is no dispute that Named Plaintiff and the Iowa Class are entitled to be paid for all compensable work time, including regular and overtime wages, under Iowa law.

75. The precise amount of unpaid wages owed to Named Plaintiff and the members of the Iowa Class cannot be determined at this time because the records necessary to make such calculations are in the possession, custody, and control of Defendants.

76. Defendants' failure to pay all wages due entitles Named Plaintiff and the members of the Iowa Class to recover unpaid wages, liquidated damages, and reasonable attorney's fees and costs under the IWPCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice to be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the Iowa Class members;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the FLSA Collective members, and the Iowa Class;

D. Award Named Plaintiff, the FLSA Collective members, and the Iowa Class actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective members liquidated damages as provided under the FLSA;

F. Award Named Plaintiff and the Iowa Class liquidated damages as provided under the IWPCL;

G. Award Named Plaintiffs, the FLSA Collective members, and the Iowa Class pre-judgment and post-judgment interest at the statutory rate;

H. Award Named Plaintiff, the FLSA Collective members, and the Iowa Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Named Plaintiff, the FLSA Collective members, and the Iowa Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (OH 0086195)
700 W. St. Clair Ave., Suite 320
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

**JURY DEMAND**

Named Plaintiff hereby demand a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiff*